**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP D. JACOBS, | ) | CASE NO. 4:24-cv-367 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | ) | MEMORANDUM OPINION AND ORDER |
| RESPONDENT. | ) | |

Before the Court is pro se Petitioner Phillip D. Jacobs's ("Jacobs") action seeking habeas corpus relief under 28 U.S.C. § 2241. Jacobs, an Ohio prisoner, originally filed the action in the judicial district for the Southern District of Ohio, and the action was subsequently transferred to this Court. Jacobs filed an "Amended and/or Supplemented" Petition in this Court on March 18, 2024. (Doc. No. 5.)

**I. BACKGROUND**

In 1972, Jacobs was convicted of murder and sentenced him to a term of life imprisonment in Preble County. The Ohio Adult Parole Authority (OAPA) granted parole, and while on release in 1985, Jacobs was convicted in the Mahoning County Court of Common Pleas, this time for felonious assault and aggravated robbery with firearms specifications. That court imposed, consecutively, a thirty-five-to-fifty-five-year sentence. On revocation by the OAPA, Jacobs's life sentence was reinstated and runs consecutively to the Mahoning County sentence.

Jacobs has filed numerous state and federal actions and petitions challenging his convictions and sentences, including an unsuccessful § 2254 petition and several unsuccessful motions for authorization to file a second or successive petition. *See, e.g.*, *Jacobs v. Hill*, No. 4: 22-cv-434, 2023 WL 272317 (N.D. Ohio Jan. 18, 2023) (adopting Report and Recommendation); *In re Jacobs*, No. 23-3054 (6th Cir. May 4, 2023). In his present Petition, Jacobs again seeks release from prison on the basis he that has been unconstitutionally sentenced, or "resentenced[,]" by the OAPA. (*See* Doc. No. 5 at 2–3.)

**II. DISCUSSION**

Federal district courts must conduct an initial review of habeas corpus petitions. *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court finds that Jacobs's petition must be dismissed. First, Jacobs has no viable claim for habeas corpus relief by way of § 2241. It is well established that "regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254." *Byrd v. Bagley*, 37 Fed. App'x 94, 95 (6th Cir. 2002). A state habeas petitioner may not avoid the limitations imposed on successive § 2254 petitions by styling his petition as one pursuant to § 2241 rather than § 2254. *See id*. (citing *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001)) ("Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent [the limitations imposed on successive petitions under § 2254]."). Jacobs has already sought and been denied habeas corpus relief under

§ 2254. He may not circumvent the limitations on § 2254 petitions and successive petitions by filing an action under § 2241.

In addition, Jacobs has already sought and been denied relief under § 2254 on essentially the same grounds he asserts here. *See, e.g., Hill*, No. 4:22-cv-434 (N.D. Ohio) (challenging Jacobs's consecutively-imposed sentences). Accordingly, his petition is also subject to dismissal on the ground it is duplicative of a prior petition. *See Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (Table), 1989 WL 25837 (6th Cir. 1989) (finding that a district court may properly dismiss a habeas petition as duplicative where the petition is "essentially the same" as a previously filed petition); *Williams v. Ohio Dep't of Rehab. & Corr.*, No. 4: 23-cv-1108, 2023 WL 6539832 (N.D. Ohio 2023) (dismissing petition as duplicative where, like a prior petition, it concerned the conditions of petitioner's post-release control, mental health treatment, and behavioral medications).

## III. CONCLUSION

Jacobs's application to proceed *in forma pauperis* in this case (Doc. No. 1) is granted. His petition is denied, and this action is dismissed, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated: April 30, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**